UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CAINE COOPER,                           :

      Plaintiff,                      :
                                                     PRISONER
V.                                      :      CASE NO. 3:11-cv-1530(RNC)

COMMISSIONER LEO ARNONE,                :
et al.,
      Defendants.                     :

## INITIAL REVIEW ORDER

    Plaintiff, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983, which provides a cause of action to a person who has been deprived of a federal right by a state official.  Named as defendants are Wardens Peter Murphy and Bruce Cuscovitch, Property Officers Peters and Thornton, Commissioner Leo Arnone and Former Commissioner Theresa Lantz.  Pursuant to 28 U.S.C. § 1915A(b), the Court must review the complaint and dismiss any part of it that fails to state a claim upon which relief may be granted.  Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' . . . 'a formulaic recitation of the elements of a cause of action' . . . [or] 'naked assertion[s]' devoid of

'further factual enhancement'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

The complaint alleges that the plaintiff has been subjected to repeated instances of deprivation of his personal property by correctional officers resulting in a loss of property worth more than $550.  The complaint asserts that these instances of deprivation of property form a pattern of abuse reflecting attempts to punish the plaintiff.  The complaint seeks reimbursement for the cost of any items that have been lost or destroyed and return of any items that have not been lost or destroyed.

The complaint does not identify any federal right that has been violated by the defendants.  In the absence of any such allegation, the Court construes the complaint as attempting to allege that the defendants have violated the plaintiff's Fourteenth Amendment right to procedural due process by confiscating and destroying his property.  The Supreme Court has held that unauthorized negligent or intentional deprivation of a prisoner's property by correctional personnel does not violate due process if the state provides an adequate postdeprivation remedy.  *See Hudson v. Palmer*, 468 U.S. 517, 531-34 (1984).  "[A] postdeprivation remedy is adequate as long as the plaintiff ha[s] access to a timely and substantively meaningful review." *Galdamez v. Taylor*, 329 F. App'x 300, 302 (2d Cir. 2009).  When a complaint includes no specific allegations that the postdeprivation remedy provided to a

2

prisoner was inadequate, the complaint is properly dismissed. *See id.*

The State of Connecticut provides prisoners with a post-deprivation remedy. *See* Conn. Gen. Stat. § 4-141 *et seq.* (providing that claims may be presented to the Office of the Claims Commissioner). Indeed, attachments to the complaint show that the plaintiff has availed himself of this remedy, albeit without success. *See* Aug. 25, 2010 Denial of Claim, Compl. Attach. 13. The complaint includes no specific allegations that this remedy is inadequate.

Under *Hudson*, an adequate postdeprivation remedy is a defense to a § 1983 due process claim when the deprivation is unauthorized; if the deprivation of property results from the operation of established state procedures, the claim is not defeated. *See Butler v. Castro*, 896 F.2d 698, 700 (2d Cir. 1990). The complaint does not allege that the plaintiff was deprived of property as a result of the operation of established state procedures. Rather, the complaint alleges that the plaintiff has been subjected to "abuse" by persons attempting to "punish" him. Given these allegations, the plaintiff does not appear to be complaining about deprivations that were actually authorized by the state.

The complaint is also deficient because it does not plead facts showing that the individuals named in the complaint were personally responsible for the confiscation and destruction of the plaintiff's property. *See Ashcroft*, 556 U.S. at 676 (because

vicarious liability is inapplicable in § 1983 suits, plaintiff must plead that each government-official defendant, through his own individual actions, has violated the Constitution).  In the absence of factual allegations showing that the named defendants, through their own actions, violated the plaintiff's right to due process, the complaint fails to state a claim on which relief can be granted.

**ORDERS**

The Court enters the following orders:

(1)   The claims for money damages against all defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).  The remaining due process claims against all defendants in their individual and official capacities are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

(2)   If the plaintiff believes he can overcome the deficiencies identified in this order as to any of the defendants named in the complaint, he may file an amended complaint that adequately alleges facts supporting a due process claim as to any such defendants.  The amended complaint must contain allegations showing how each individual defendant named in the amended complaint deprived the plaintiff of property without due process. To be timely, the amended complaint must be filed on or before December 14, 2012.

(3) The Pro Se Prisoner Litigation Office will send a courtesy copy of the Complaint and this Order to the Connecticut Attorney

General and the Department of Correction Legal Affairs Unit and a copy of this Order to the plaintiff.

So ordered this 8th day of November 2012.

>                    /s/
>          Robert N. Chatigny
>       United States District Judge